| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>STEPHEN M. PACKMAN (SP1589)<br>DOUGLAS G. LENEY (DL9012)<br>ARCHER & GREINER<br>A Professional Corporation<br>One Centennial Square<br>Haddonfield, NJ  08033-0968<br>Tel: (856) 795-2121<br>Fax: (856) 795-0574<br>*Attorneys for the Liquidation team of Zhejiang Topoint Photovoltaic Co., Ltd., as Bankruptcy Administrator of the Debtors and the Topoint Group* | |
| In re:<br><br>ZHEJIANG TOPOINT PHOTOVOLTAIC CO., LTD.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-24549-GMB |
| In re:<br><br>ZHEJIANG JIUTAI NEW ENERGY CO., LTD.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-24555-GMB |
| In re:<br><br>ZHEJIANG YUTAI SOLAR MATERIALS CO., LTD.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-24557-GMB |
| In re:<br><br>ZHEJIANG WILLSOLAR PHOTOELECTRIC MATERIALS CO., LTD.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-24559-GMB |

**APPLICATION FOR ORDER SHORTENING TIME
<u>FOR NOTICE UNDER FED. R. BANKR. P. 9006(c)(1)</u>**

TO:   THE HONORABLE GLORIA M. BURNS, CHIEF JUDGE:

The liquidation team of Zhejiang Topoint Photovoltaic Co., Ltd., led by Yueming Zhang (**"Zhang"**) is the court-appointed bankruptcy administrator (the **"Bankruptcy Administrator"**) and authorized foreign representative of (i) Zhejiang Topoint Photovoltaic Co., Ltd. (**"Topoint"**), (ii) Zhejiang Jiutai New Energy Co., Ltd. (**"Jiutai,"**), (iii) Zhejiang Yutai Solar Materials Co., Ltd. (**"Yutai"**), and (iv) Zhejiang Willsolar Photoelectric Materials Co., Ltd. (**"Willsolar,"** and together with Topoint, Jiutai, and Yutai, collectively, the **"Debtors"** or **"Topoint Group"**) in certain proceedings (the **"Chinese Proceeding"**) pending before the People's Court of Haining City, Zhejiang Province, (2014) No. Jiahaipo(yu)zidi No. 4 (the **"Chinese Court"**), pursuant to Article 2, Point 2 of Article 7, Point 1 of Article 70 and Article 71 of the "Enterprise Bankruptcy Law of P.R.C." and Article 132 of "Civil Procedure Law of P.R.C." (the foregoing as designated portions of **"Chinese Bankruptcy Law"**).  In its capacity as the foreign representative in respect of the Chinese Proceeding, the Bankruptcy Administrator hereby moves the Court for the entry of an Order shortening time, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), with respect to various pleadings and papers filed by the Bankruptcy Administrator (the **"Application"**).  In support of this Application, the Bankruptcy Administrator respectfully represents as follows:

1.   Prior to or simultaneously with this Application, the Debtors have filed the following pleadings and papers:

(a)   Verified Petitions Pursuant to 11 U.S.C. §§ 105(a), 1504, 1515, 1517, 1519, 1520, and 1521 for Entry of an Order Recognizing Foreign Main Proceeding and Granting Further Relief and Additional Assistance; and

(b) Motion for Order Directing Joint Administration of Bankruptcy Cases (collectively, the **"Petitions and Motion"**).

2. By this Application, the Bankruptcy Administrator seeks an Order shortening the time for notice of the time fixed for filing objections and the hearing to consider the Petitions and Motion.

3. The Petitions and Motion seek, among other relief:

(a) Recognition pursuant to Section 1517 of the Bankruptcy Code of the Chinese Proceeding as a "foreign main proceeding" as defined in Section 1502(4) of the Bankruptcy Code;

(b) Pursuant to 11 U.S.C. § 1519(a)(1), staying execution and any other acts against the Debtors' property and assets in the United States including, without limitation, the US Assets[1], and enforcement of any judicial, quasi-judicial, administrative or regulatory judgment, assessment, order, arbitration award, or lien against any of the Debtors or their property, except by or with the written consent of the Bankruptcy Administrator;

(c) Pursuant to 11 U.S.C. § 1519(a)(2), entrusting to the Bankruptcy Administrator the administration and realization of all of the Debtors' property and assets (including the US Assets); and specifically, authorizing the Bankruptcy Administrator, through its designated agents, to enter upon the premises where the Debtors' US Assets may be located (including, without limitation, the Warehouse), inspect and inventory the Solar Panels and any related assets, and to prepare the US Assets for orderly disposition in accordance with the direction of the Chinese Court in the Chinese Proceeding;

---

[1] Capitalized terms not otherwise defined in this Application shall have the same meanings as ascribed to them in the Petitions and Motion, as appropriate context may require.

(d) Pursuant to 11 U.S.C. § 1519(a)(3) and 1521(a)(3), suspending the right of and enjoining any party other than the Bankruptcy Administrator to transfer, encumber, or otherwise dispose of any property or assets of the Debtors, including, without limitation, the US Assets, except with the written consent of the Bankruptcy Administrator;

(e) Pursuant to 11 U.S.C. § 1519(a)(3) and 1521(a)(4), authorizing the Bankruptcy Administrator to take such discovery as may be necessary and appropriate in connection with the administration and realization of all of the Debtors' property and assets, including, without limitation, providing for the examination of witnesses, taking of evidence and delivery of information concerning the Debtors' assets, affairs, rights, obligations and liabilities, including the US Assets;

(f) All relief afforded foreign main proceedings automatically upon recognition, pursuant to Section 1520 of the Bankruptcy Code; or in the alternative, if not as of right under Section 1520 of the Bankruptcy Code, then pursuant to Sections 1521, 1507, and 105(a) of the Bankruptcy Code, as applicable, including, without limitation, a stay of the commencement or continuation of any individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities;

(g) Enforcement of the Chinese Appointment Order pursuant to Sections 1521(a)(7), 1507, and 105(a) of the Bankruptcy Code;

(h) Joint administration of the Debtors' Chapter 15 cases for procedural purposes; and

(i) Such other and further relief as is appropriate and just under the circumstances.

4

4. As set forth in the Declaration of Jiangang Ou, as authorized designee and signatory of the Bankruptcy Administrator (the **"Ou Declaration"**), filed in support of the Petition, the Chinese Court has ordered, pursuant to the laws of the PRC, that the ongoing reorganization process in the Chinese Proceeding shall be completed no later than September 25, 2014. Potential bidders that are interested in bidding on assets in connection with the reorganization of the Topoint Group have been required to submit their bids no later than August 10, 2014. It would be in the best interests of the Debtors, as well as all of their creditors, if the value of the Solar Panels stored in the Warehouse in Bridgeton, New Jersey, could be taken into account with respect to the interested parties' total offering price for the subject assets. The Bankruptcy Administrator submits that consideration of the Petitions and Motion on an expedited basis is necessary to achieve maximum value for the Debtors' creditors. Therefore, the Bankruptcy Administrator seeks the Court's expedited consideration of, *inter alia*, the interim relief sought under the Petitions[2], including, but not limited to, authorizing the Bankruptcy Administrator, through its designated agents, to enter the Warehouse in order to inspect and inventory the Solar Panels and any related assets, and to prepare those assets for orderly disposition in accordance with the direction of the Chinese Court in the Chinese Proceeding.

5. Accordingly, the Bankruptcy Administrator respectfully requests that a hearing on the Petitions and Motion be scheduled for the first available date as the Court's schedule may permit.

---

[2] To be clear, with respect to final relief, including final disposition of the US Assets, given the applicable deadlines pending in the Chinese Proceeding, the Bankruptcy Administrator respectfully requests a hearing on such relief as far in advance of the August 10, 2014 bid deadline as possible.

Reduction of the time period in question is not prohibited under Bankruptcy Rule 9006(c) and the rules listed therein.

Dated: Haddonfield, New Jersey  
July 17, 2014

ARCHER & GREINER  
A Professional Corporation

 /s/  Stephen M. Packman                .  
Stephen M. Packman (NJ Bar No. 54475)  
Douglas G. Leney (NJ Bar No. 07-3423)  
One Centennial Square  
Haddonfield, NJ  08033  
Tel:  (856) 795-2121  
Fax:  (856) 795-0574  
spackman@archerlaw.com  
dleney@archerlaw.com

  -and-

NGUYEN AND CHEN, LLP  
Fan Chen (*Admission pro hac vice pending*)  
11200 Westheimer Road, Suite 120  
Houston, TX  77042  
Tel:  (832) 767-0339  
Fax:  (832) 767-0669  
fchen@nguyen-chen.com  
*Attorneys for the Liquidation team of Zhejiang Topoint Photovoltaic Co., Ltd., as Bankruptcy Administrator of the Debtors and the Topoint Group*

11299549v1